# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-958V
Filed: June 13, 2016
Not to be Published

*************************************
The Estate of NANCY THOMAS,            *
Decedent, by and through DONALD        *
MALONEY, Sr., as Personal Representative,*
                                       *
        Petitioner,                    *       Petitioner's motion for a decision
                                       *       dismissing petition granted;
    v.                                 *       Tdap vaccine; transverse myelitis;
                                       *       death from cardiovascular disease
SECRETARY OF HEALTH                    *
AND HUMAN SERVICES,                    *
                                       *
        Respondent.                    *
                                       *
*************************************

Amber D. Wilson, Washington, DC, for petitioner.
Lisa A. Watts, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION[1]

On September 1, 2015, petitioner (originally Nancy Thomas) filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that tetanus-diphtheria-acellular pertussis ("Tdap") vaccine administered on August 29, 2012 caused her transverse myelitis ("TM"). See Pet. at ¶¶ 1, 4, 6. Petitioner died on September 16, 2015 due to atherosclerotic and hypertensive cardiovascular diseases. Med. recs. Ex. 4, at 1. Donald Maloney, Sr., became petitioner on January 4, 2016.

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioners have 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the categories listed above, the special master shall redact such material from public access.

During a telephonic status conference on March 21, 2016, petitioner's counsel stated she had a neurologist who agreed to review the records in this case to see if he could provide a supporting expert opinion. The expert needed 60 days to perform the review. The undersigned set June 13, 2016 for the next telephonic status conference.

On June 10, 2016, petitioner filed a Motion for a Decision Dismissing [his] Petition. In light of this motion, the telephonic status conference set for June 13, 2016 is **CANCELLED**. In his motion, petitioner states:

> An investigation of the facts and science supporting his case has demonstrated to [p]etitioner that [he] will be unable to prove that the estate of Nancy Thomas is entitled to compensation in the Vaccine Program.

Pet'r's Mot., at ¶ 1.

The undersigned grants petitioner's motion and **DISMISSES** this case for failure to make a prima facie case of causation in fact.

## FACTS

Ms. Thomas was born on April 2, 1959 and received Tdap on August 29, 2012. Med. recs. Ex. 2, at 872.

On September 25, 2012, she went to the Emergency Department ("ED") of St. Vincent Hospital, and told Dr. Thomas A. Gould that she was dizzy and had a problem with her vision. Id. at 836. She said she had an acute episode of lack of depth perception in her left eye and horizontal diplopia at 10:00 a.m. in her car. Id. at 837. She also had some possible eye symptoms upon waking early that morning. She complained of difficulty walking, dizziness, and nausea. Her extremities were not weak. She had taken Vicodan and a muscle relaxant the night before, which was atypical for her. Id. at 838. Petitioner was admitted to the hospital on the same date. Her motor and sensory physical examinations were normal. Id. at 832. Visual activity was normal. Reflexes were normal. The diagnosis was probable transient ischemic attack. Id. at 833.

On September 28, 2012, petitioner saw Dr. David B. Sommer, who noted she had multiple somatic symptoms. Id. at 750. She did not have weakness on physical examination.

On March 13, 2014, petitioner saw Dr. James Russell who noted petitioner's mother had progressive supranuclear palsy. Med. recs. Ex. 1, at 20, 21. On physical examination, petitioner's gait abnormalities could not be attributed to physiologic mechanisms. Id. at 22, 23. On April 4, 2014, Dr. Russell performed an electromyography on petitioner, the results of which were normal. Id. at 17. On that same date, a brain MRI and cervical spine MRI were normal. Id. at 7.

On June 30, 2015, petitioner saw Dr. Neeta Garg, a neurologist at UMass Memorial. Med. recs. Ex. 6, at 22. Although petitioner told Dr. Garg that she had a diagnosis of TM, Dr. Garg noted that no medical record diagnosed her with this illness. Id. at 23. Petitioner said she had never had any bowel or bladder problems. Id. On physical examination, she walked normally, except if she saw someone paying attention to her, at which point she walked with a cane. Id. at 24. Dr. Garg noted that petitioner's examinations were not consistent with chronic inflammatory demyelinating polyneuropathy or a genetic neuropathy. Id. at 25. Moreover, MRIs were not consistent with her having transverse myelitis. Id.

## DISCUSSION

To satisfy his burden of proving causation in fact, petitioner must prove by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." Althen v. Sec'y of HHS, 418 F.3d 1274, 1278 (Fed. Cir. 2005). In Althen, the Federal Circuit quoted its opinion in Grant v. Secretary of Health and Human Services, 956 F.2d 1144, 1148 (Fed. Cir. 1992):

> A persuasive medical theory is demonstrated by "proof of a logical sequence of cause of and effect showing that the vaccination was the reason for the injury [,]" the logical sequence being supported by a "reputable medical or scientific explanation[,]" i.e., "evidence in the form of scientific studies or expert medical testimony[.]"

418 F.3d at 1278.

Without more, "evidence showing an absence of other causes does not meet petitioners' affirmative duty to show actual or legal causation." Grant, 956 F.2d at 1149. Mere temporal association is not sufficient to prove causation in fact. Id. at 1148.

Petitioner must show not only that but for Ms. Thomas's Tdap vaccination, she would not have had TM, but also that her Tdap vaccination was a substantial factor in causing her TM. Shyface v. Sec'y of HHS 165 F.3d 1344, 1352 (Fed. Cir. 1999).

The Vaccine Act does not permit the undersigned to rule for petitioner based on his claims alone, "unsubstantiated by medical records or by medical opinion." 42 U.S.C. § 300aa-13(a)(1). In the instant action, petitioner, although given the opportunity to do so, did not file an expert report, and Ms. Thomas's medical records do not substantiate her allegations. Particularly damaging to petitioner's allegations is the fact that no doctor diagnosed her with TM.

The undersigned **GRANTS** petitioner's Motion for a Decision Dismissing [his] Petition and **DISMISSES** this case for petitioner's failure to make a prima facie case under the Vaccine Act.

## CONCLUSION

This petition is **DISMISSED**. In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: June 13, 2016                                    s/ Laura D. Millman
                                                        Laura D. Millman
                                                        Special Master

---

[2] Pursuant to Vaccine Rule 11(b), entry of judgment can be expedited by each party, either jointly or separately, filing a notice renouncing the right to seek review.