# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 15-958V
Filed: September 29, 2016
Not for Publication

```
************************************
The Estate of NANCY THOMAS,          *
Decedent, by and through DONALD      *
MALONEY, SR., as Personal            *
Representative,                      *
                                     *
              Petitioner,            *
                                     *
v.                                   *
                                     *
SECRETARY OF HEALTH                  *
AND HUMAN SERVICES,                  *
                                     *
              Respondent.            *
                                     *
************************************
```

Attorneys' fees and costs decision;
respondent does not object

Amber D. Wilson, Washington, DC, for petitioner.
Lisa A. Watts, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On September 1, 2015, petitioner (originally Nancy Thomas) filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012) ("Vaccine Act") alleging she developed transverse myelitis as the result of her receipt of the tetanus-diphtheria-acellular pertussis vaccine on August 29, 2012. Pet. at ¶¶ 1, 4, 6. Petitioner died on September 16, 2015. Med. recs. Ex. 4, at 1. Donald Maloney, Sr. became petitioner on January 4, 2016. On June 13, 2016, the undersigned issued a decision granting petitioner's Motion for a Decision

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

Dismissing [his] Petition and dismissing the case.

On September 29, 2016, petitioner filed an unopposed motion for attorneys' fees and costs.   Petitioner requests $11,983.30 in attorneys' fees and $4,176.13 in attorneys' costs. Petitioner also requests reimbursement of $2,452.45 for the cost of retaining James A. Maloney to prepare estate documents.   Finally, in accordance with General Order #9, petitioner stated he has incurred costs in the amount of $19.99 related to the litigation of the above-captioned case. Therefore, petitioner requests a total reimbursement of $18,631.87.   Petitioner states that "[r]espondent does not object to the overall amount sought" but that respondent's lack of objection "should not be construed as an admission, concession, or waiver as to the hourly rates requested, the number of hours billed, or the other litigation related costs."   Fee App. at 2.

The Vaccine Act permits an award of reasonable attorneys' fees and costs.   42 U.S.C. § 300 aa-15(e).   Based on the reasonableness of petitioner's request and the lack of opposition, the undersigned **GRANTS** petitioner's application for attorneys' fees and costs.

**Accordingly, the undersigned awards:**

a. **$16,159.43**, representing attorneys' fees and costs.   The award shall be in the form of a check made payable jointly to petitioner and Maglio Christopher and Toale, PA in the amount of **$16,159.43**.   The check should be forwarded to Maglio Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota, Florida 34236; and

b. **$2,452.45**, representing attorneys' fees and costs related to retaining James A. Maloney to prepare estate documents.   The award shall be in the form of a check made payable jointly to petitioner and James A. Maloney, Esq.; and

c. **$19.99**, representing petitioner's costs.   The award shall be in the form of a check for **$19.99** made payable to petitioner.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: <u>September 29, 2016</u>                                s/ Laura D. Millman
                                                               Laura D. Millman
                                                               Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.